# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**WILLIAM HARRISON SIMS,**

      **Plaintiff,**

v.                                                **Case No: 6:22-cv-1685-PGB-EJK**

**BMW OF NORTH AMERICA LLC
and BAYERISCHE MOTOREN
WERKE AG,**

      **Defendants.**

### ORDER

Defendant BMW of North America LLC has filed a Motion to Quash Plaintiff's Nonparty Subpoenas or, in the Alternative, Request for a Protective Order (the "Motion"). (Doc. 59.) Plaintiff filed a response in opposition to the Motion (Doc. 61), and thus the Motion is ripe for review.

On April 13 and April 17, 2023, Plaintiff issued four nonparty subpoenas directed to Shipco Transport, Inc.; Daytona International Speedway, LLC; Art Basel U.S. Corp.; and Hagerty Events, LLC seeking documents related to BMW of North America's ("BMW NA") contacts with Florida. (Docs. 59-1, 59-2.) BMW NA objected and moved to quash, or in the alternative, for a protective order, arguing that Plaintiff improperly seeks jurisdictional discovery and that the documents sought are irrelevant. (*See* Doc. 59.) In response, Plaintiff asserts that the subpoenas were properly issued and that the information sought is relevant for discovery purposes. (Doc. 61 at 5–13.) Upon consideration, the Motion is due to be denied.

1. **Motion to Quash**

Pursuant to Federal Rule of Civil Procedure 45, a court must modify or quash a subpoena if it: "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other matter, if no exception or waiver requires; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). A party seeking to quash a subpoena served on a non-party must establish a "personal right or privilege with respect to the subpoenas" to have standing. *Cluck-U-Chicken, Inc. v. Cluck-U Corp.*, No. 8:15-CV-2274-T-MAP, 2017 WL 10275958, at *1 (Jan. 3, 2017) (quoting *Auot-Owners Inc. Co. v. SE Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005).

BMW NA does not allege any privilege afforded by the rules of evidence, nor does it assert that the non-parties are in possession of privileged information or materials. *See Cluck-U-Chicken, Inc.*, 2017 WL 10275958, at *1. Moreover, the documents Plaintiff seeks are contracts, communications, and business records relating to BMW AG and non-party corporations. (Doc. 61 at 9–11.) Additionally, Defendant BMW NA fails to establish that the documents sought are confidential or proprietary. *Id.* (citing *Cellaris Franchise, Inc. v. Duarte*, 193 F. Supp. 3d 1379, 1381 (N.D. Ga. 2016) (party lacks standing to quash subpoenas served on non-parties seeking alleged confidential information). Accordingly, Defendant BMW NA lacks standing to quash the subpoenas served on the non-parties.

2. **Motion for Protective Order**

While Defendant BMW NA lacks standing to quash the non-party subpoenas under Rule 45, a motion for a protective order under Rule 26 may be appropriate if the subpoenas seek irrelevant information. *Auto-Owners*, 231 F.R.D. at 429. Federal Rule of Civil Procedure 26(c) allows a court, upon a showing of good cause, to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." BMW NA, as the party seeking the protective order, has the burden to demonstrate good cause, and it is required to make "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements" supporting the protective order. *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 436, 430 (M.D. Fla. 2005) (quoting *U.S. v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Rule 26(b) of the Federal Rules of Civil Procedure allows parties "to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Thus, to maintain a successful objection on the basis of relevance, BMW NA must show that the requested discovery "has no possible bearing on the claims and defenses" in this case. *Core Constr. Serv. Se., Inc. v. Amisure Ins. Co.*, 6:13-cv-723-Orl-31KRS, 2014 WL 12613266, at *3 (M.D. Fla. Feb. 27, 2014) (quoting *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D 691, 695 (S.D. Fla. 2007)).

BMW NA first argues that the subpoenas are improper because Plaintiff did not seek leave of court to conduct jurisdictional discovery before serving them. However, the cases cited by BMW NA do not stand for the proposition that leave of court is required once the regular discovery period has commenced. Indeed, when the

Eleventh Circuit said that a motion to dismiss for lack of personal jurisdiction "may require some limited discovery before meaningful ruling can be made," it was contrasting that motion against the type of motion that presents a purely legal question and required no discovery. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). BMW NA points to nowhere in the *Chudasama* opinion that states that leave is required before engaging in such discovery during the ordinary discovery period.

The other cases cited by BMW NA fare no better in advancing its argument. In *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 731 (11th Cir. 1982), the Eleventh Circuit reversed a district court's decision not to allow any jurisdictional discovery and stated that "Plaintiff must be given an opportunity to develop facts sufficient to support a determination on the issue of jurisdiction." It did not say that leave was required to do so. *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.7 (11th Cir. 1999), presents a different procedural posture than the present case—as the Eleventh Circuit noted, "no discovery efforts were made in the eight months between the time Plaintiffs filed the complaint and the time it was dismissed . . . . The district court, therefore, did not so much deny discovery as it dismissed the case before discovery was taken." Here, discovery is well underway. Finally, *R.D. Jones, Stop Experts, Inc. v. J.S. Foster Corp.*, No. 8:16-CV-1588-T-27AEP, 2016 WL 7042930 (M.D. Fla. Dec. 1, 2016), does not address the timing of jurisdictional discovery, but leave appears to have been sought and granted because the case had been stayed pending the resolution of the motion to dismiss, *id.* at *2 n.1.

No such stay has been entered in this case. Accordingly, the Court agrees with Plaintiff that leave was not required to conduct jurisdictional discovery at this juncture.

Relevancy is BMW NA's only remaining argument, and it proceeds along two related lines: first, the discovery is irrelevant because the subpoenas seek information that would not support personal jurisdiction over BMW AG; second, any jurisdictional discovery that the subpoenas seek is irrelevant because Plaintiff has already responded to BMW AG's Motion to Dismiss. (Doc. 59 at 8–9.) With regard to the first relevancy argument, Plaintiff explains how the subpoenas' areas of inquiry are specifically limited to the non-parties' promotion of BMW vehicles in Florida, which Plaintiff claims would support its personal jurisdiction allegations that BMW AG engaged in substantial business activities in Florida directed at Florida residents. (Doc. 69 at 9.) As to the pending Motion to Dismiss, Plaintiff argues that personal jurisdiction might remain at issue in the case even after the resolution of the pending motion. (*Id.* at 12–13.) The Court agrees.

In summary, the Court is persuaded that the subpoenas were not improperly issued and that the non-parties possess relevant information concerning the Court's personal jurisdiction over BMW AG. Accordingly, BMW NA's Motion to Quash Plaintiff's Nonparty Subpoenas or, in the Alternative, Request for a Protective Order (Doc. 59) is **DENIED**.

In its Response, Plaintiff requests attorneys' fees (Doc. 61 at 13) pursuant to Rules 26(c)(3) and 37(a)(5). Although BMW NA's arguments did not prevail, the Court finds that "reasonable people could differ" as to the issues that BMW NA raised,

so they were substantially justified. *See* Fed. R. Civ. P. 37(a)(5)(B); *LaFavors v. Thayer*, 706 F. App'x 489, 491 (11th Cir. 2017). Therefore, Plaintiff's request for attorneys' fees is **DENIED**.

    **DONE** and **ORDERED** in Orlando, Florida on May 30, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE