# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**WILLIAM HARRISON SIMS,**

      **Plaintiff,**

v.                                         **Case No: 6:22-cv-1685-PGB-EJK**

**BMW OF NORTH AMERICA LLC
and BAYERISCHE MOTOREN
WERKE AG,**

      **Defendants.**

## ORDER

This cause comes before the Court on Plaintiff's Motion to Modify Non-Party Subpoena and for Protective Order (the "Motion"), filed August 7, 2023. (Doc. 69.) Defendant responded in opposition on August 9, 2023. (Doc. 72.) Upon consideration, the Motion is due to be **DENIED**.

On July 28, 2023, Defendant issued a subpoena directed to the Takata Airbag Tort Compensation Trust Fund and Individual Restitution Fund ("Takata Funds")[1] requesting "all records, correspondence, claim forms and other information related to any claim made by or on behalf of [Plaintiff] regarding payment and/or compensation." (Doc. 69-1.) Plaintiff submitted claims to the Takata Funds in relation

---

[1] The subpoena was issued to the "Takata Airbag Restitution Fund," but Plaintiff states that the correct names for these entities are the Takata Airbag Tort Compensation Trust Fund and Individual Restitution Fund. (Doc. 69 at 1.) Defendant's exhibit confirms the names that Plaintiff uses. (Doc. 72-1 at 1.)

to the alleged defective airbag installed in his vehicle. (Doc. 69 at 3.) Plaintiff states that Defendant's subpoena seeks privileged and protected matters related to Plaintiff's claims to the Takata Funds. (*Id.*)

In its response in opposition, Defendant argues that, notwithstanding the issue of admissibility, the information sought by Defendant's subpoena is, in fact, discoverable. (*See* Doc. 72.) Defendant asserts that the information submitted by Plaintiff in connection with his Takata Funds claim "serves as a basis for Plaintiff's claims in this case." (*Id.* at 2.) Specifically, pursuant to Federal Rule 26(b), information related to the subject incident, subject vehicle and inflator, and Plaintiff's damages all fall within the scope of discovery. (*Id.*) Moreover, discoverable information cannot be withheld based on Plaintiff's contention that it is inadmissible. (*Id.*) The undersigned agrees.

While Plaintiff cites the PSAN PI/WD Trust Distribution Procedures ("TDP") in support of the argument that the submission was meant to be, and is treated as, a "privileged and protected matter" (Doc. 69 at 2–3), Plaintiff provides no authority as to why a contractual document between the participants in the trust should impact this Court's privilege assessment. Plaintiff cites no other basis for the claim of privilege, but to the extent that Plaintiff's argument relies upon Federal Rule of Evidence 408, that rule does not prevent disclosure of the submission in discovery. "Federal Rule of Evidence 408 governs the admissibility of evidence, but does not bar discovery of information concerning a settlement." *City of Jacksonville v. Shoppes of Lakeside, Inc.*, No. 3:12-CV-850-J-25MCR, 2016 WL 3447383, at *3 (M.D. Fla. June 23, 2016) (internal

quotations omitted); *see also Cherestal v. Sears Roebuck & Co.*, No. 6:12-CV-1681-ORL-28, 2013 WL 5305671, at *3 (M.D. Fla. Sept. 20, 2013) ("To the extent Plaintiff argues that the sought information is privileged settlement communications protected by Federal Rule of Evidence 408, this Court has previously noted that Rule 408 does not bar discovery of information concerning a settlement." (internal footnote omitted).) Plaintiff may raise the *admissibility* of the submission at the appropriate time prior to trial.

Accordingly, it is **ORDERED** that the Motion to Modify Non-Party Subpoena and for Protective Order (Doc. 69) is **DENIED**. The Takata Airbag Tort Compensation Trust Fund and Individual Restitution Fund are **ORDERED** to respond to the subpoena on or before **August 22, 2023**.

**DONE** and **ORDERED** in Orlando, Florida on August 15, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE