**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**WILLIAM HARRISON SIMS,**

      **Plaintiff,**

v.                                                                      Case No: 6:22-cv-1685-PGB-EJK

**BMW OF NORTH AMERICA LLC**
**and BAYERISCHE MOTOREN**
**WERKE AG,**

      **Defendants.**

**ORDER**

This cause comes before the Court on Plaintiff's and Non-Party Gloria Sims's Time Sensitive Motion to Quash Non-Party Cell Phone Subpoenas and for Protective Order (the "Motion"), filed October 11, 2023. (Doc. 107) Therein, William Harrison Sims ("Plaintiff") and non-party Gloria Sims, Plaintiff's mother, seek to quash subpoenas issued by BMW North America LLC and BMW AG ("Defendants") directed to T-Mobile and Verizon seeking text messages between Gloria Sims and her non-party husband, William Darron Sims, on the basis that the text messages sought are privileged pursuant to Florida's spousal communications privilege.[1] (*Id*. at 1–2.)

---

[1] Plaintiff and Gloria Sims also argue that the T-Mobile subpoena should be quashed because it is unsigned by the Clerk or attorney issuing the subpoena, as required by Federal Rule of Civil Procedure 45(a)(3). (Doc. 107-1 at 8–11.) Since the undersigned determines that the spousal communications privilege alone justifies quashing the subpoenas at issue, the remaining arguments in support of quashing will not be addressed at this time.

On October 16, 2023, Defendants filed their Response in opposition to the Motion, arguing that, based on federal common law, the marital communications privilege is not available when a married couple is permanently separated at the time of the communications. (Doc. 108 at 2.) At the Court's direction, Plaintiff and Gloria Sims filed a Reply to Defendants' Response to address the effect of separation on the marital communications privilege (Doc. 110). They argue that federal common law does not apply in this case since this is a federal diversity action. (*Id.* at 1.) Instead, Federal Rule of Evidence 501 directs the Court to look to state law, and Florida's spousal privilege applies in this case because there is no exception for separation. (*Id.* at 1–2.) The Motion is now ripe for review.

Upon consideration of the Motion, Defendants' Response, Plaintiff and Gloria Sims's Reply, and the applicable law, the Court finds that the subpoenas should be quashed. Federal Rule of Evidence 501 provides that "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. Since this is a civil diversity action, Florida's spousal privilege applies. The cases cited by Defendants are federal criminal cases and are therefore inapplicable in this civil diversity action. *See U.S. v. Singleton*, 260 F. 3d 1295 (11th Cir. 2001); *In re Grand Jury Subpoena*, 831 F.2d 225, 227 (11th Cir. 1987); *In re Certain Complaints Under Investigation*, 783 F.2d 1488, 1520 (11th Cir. 1986).

Florida Statutes § 90.504 sets forth the spousal privilege. Notably, there is no listed exception for communications exchanged while the spouses are separated. *See* Fla. Stat. § 90.504; *see also Woodel v. State*, 804 So.2d 316 (Fla. 2001) (spouses who had

not divorced could assert and waive the privilege). Since there is no dispute that Gloria Sims and William Darron Sims were married at the time of the communications sought, the subpoena will be quashed.

Accordingly, it is hereby **ORDERED** the Motion (Doc. 107) is **GRANTED** and the subpoenas duces tecum to T-Mobile (Doc. 107-1 at 8–11) and Verizon (Doc. 107-1 at 12–15) are **QUASHED**.

**DONE** and **ORDERED** in Orlando, Florida on November 8, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE