# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**WILLIAM HARRISON SIMS,**

      **Plaintiff,**

v.                                           **Case No: 6:22-cv-1685-PGB-EJK**

**BMW OF NORTH AMERICA LLC**
**and BAYERISCHE MOTOREN**
**WERKE AG,**

      **Defendants.**

## ORDER

This cause comes before the Court on Plaintiff's and Non-Party Gloria Sims's Time-Sensitive Motion to Quash Non-Party Cell Phone Subpoenas and for Protective Order (the "Motion to Quash"), filed November 6, 2023 (Doc. 112), and Defendant BMW of North America LLC's Motion to Compel Response to BMW NA's Interrogatory 20 (the "Motion to Compel"), filed November 14, 2023 (Doc. 126). On November 10, 2023, Defendant BMW NA timely filed its Response in opposition to the Motion to Quash. (Doc. 118). On November 20, 2023, Plaintiff timely filed his Response in opposition to the Motion to Compel. (Doc. 127) The Motions are now ripe for review.

      **A. Motion to Quash (Doc. 112)**

William Harrison Sims ("Plaintiff") and non-party Gloria Sims, Plaintiff's mother, seek to quash subpoenas issued October 23, 2023, November 1, 2023, and November 2, 2023, by BMW North America LLC and BMW AG ("Defendants") to

AT&T Wireless, T-Mobile, and Boost Mobile. (Doc. 112 at 1.) Plaintiff and Gloria Sims argue that the T-Mobile and Boost Mobile subpoenas should be quashed for the following reasons: 1) the subpoenas seek the disclosure of communications protected by the attorney-client privilege in requesting all call records and text messages for Plaintiff and Gloria Sims, since they have both have been represented by counsel since October 2019; 2) the subpoenas seek the disclosure of communications protected by the spousal privilege in requesting all call records and text messages for Gloria and non-party Darron Sims, Plaintiff's father; and 3) the subpoenas are overbroad to the extent they seek call records and text messages for a period beginning over two years before the date of the incident at issue in this case to the present, without being limited in scope to the issues of the case.[1] (*Id.* at 2–3). Defendants assert that the parties, after conferral, agreed to narrow the scope of the subpoenas to records relevant to the lawsuit, the Plaintiff, the subject incident, the subject recall, and the subject vehicle. (Doc. 118 at 2.)

---

[1] Plaintiff alternatively argues that the subpoenas should be modified as required by the Stored Communications Act (the "SCA") to prohibit the disclosure of the content of any responsive phone calls or text messages. (Doc. 112 at 2.) The SCA prohibits providers of communication services from divulging private communication to certain entities or individuals unless an exception as enumerated in 18 U.S.C. § 2702(b) applies. *Classic Soft Trim, Inc. v. Albert*, No. 6:18-cv-1237-Orl-78GJK, 2020 WL 6749836, at *3 (M.D. Fla. Sept. 21, 2020) (internal quotations and citations omitted). However, the SCA does not contain an exception for civil discovery subpoenas. *Id.* (internal quotations and citations omitted). Since the Court find that the subpoenas should be quashed, the Court does not reach this argument.

According to Rule 45, parties may command non-parties to produce "documents, electronically stored information, or tangible things in that person's possession, custody, or control for inspection, copying, testing, or sampling." *In re Subpoena Upon NeJame Law, P.A.*, No. 6:16-MC-8-ORL-41TBS, 2016 WL 1599831, at *3 (M.D. Fla. Apr. 21, 2016) (citing Fed. R. Civ. P. 45(a)(1)(A)(iii), (a)(1)(D)). The scope of discovery under a Rule 45 subpoena is the same as the scope of discovery under Rule 26. *Woods v. On Baldwin Pond, LLC*, No. 6:13-CV-726-ORL-19DAB, 2014 WL 12625078, at *1 (M.D. Fla. Apr. 2, 2014) (quotations omitted). Additionally, Rule 26(b)(2)(C) requires the Court to limit the frequency or extent of discovery if:

> [T]he discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

Courts in this Circuit have held that parties have a personal interest in their financial and telephone records sufficient to confer standing to challenge a subpoena directed to a third-party. *See Classic Soft Trim, Inc. v. Albert*, No. 6:18-cv-1237-Orl-78GJK, 2020 WL 6749836, at *2 (M.D. Fla. Sept. 21, 2020); *Keim v. ADF Midatlantic, LLC*, No. 12-80577-CIV, 2016 WL 720967, at *2 (S.D. Fla. Feb. 22, 2016) (finding that party had standing to challenge subpoena to his telephone carrier); *Mancuso v. Fla. Metro. Univ., Inc.*, No. 09-61984-CIV, 2011 WL 310726, at *1 (S.D. Fla. Jan. 28, 2011). Pursuant to Rule 45, a Court may quash a subpoena if it (1) fails to allow a reasonable

time to comply; (2) requires a person to comply beyond the geographical limits specified in Rule 45(c); (3) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (4) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv). The party seeking to quash a subpoena bears the burden of establishing at least one of the requirements articulated under Rule 45(d)(3). *Malibu Media, LLC v. Doe*, No. 8:14-cv-2351, 2015 U.S. Dist. LEXIS 16641, at *5 (M.D. Fla. Jan. 22, 2015).

As an initial matter, the T-Mobile and Boost subpoenas are due to be quashed because it is undisputed that they seek call records and text messages for Plaintiff and Gloria Sims that are protected by the attorney-client privilege. (Docs.112-2 at 1–4, 112-3 at 1–4.) Similarly, the AT&T Wireless, T-Mobile, and Boost Mobile subpoenas are also due to be quashed because they seek call records and text messages protected by the spousal privilege for Gloria and Daron Sims. (Docs. 112-1 at 1–4; 112-2 at 1–4; 112-3 at 1–4; *see also* Doc. 116 (previously finding the spousal communications privilege to apply in this case).)

Finally, although Defendants represent that the parties conferred to narrow the scope of the AT&T Wireless, T-Mobile, and Boost Mobile subpoenas, the subpoenas as drafted are overbroad and not narrowly tailored to lead to the discovery of admissible evidence in requesting all call records and text messages for Plaintiff for a period beginning over two years prior to the subject incident, to the present. (Docs. 112-1 at 1–4;112-2 at 1–4; 112-3 at 1–4). Therefore, the Motion to Quash will be granted.

In their response, Defendants state that they do not intend to seek privileged information and ask the Court to compel Plaintiff to respond to Defendant BMW NA's Third Request for Production by producing any non-privileged, relevant call records and text messages that fall within the scope discussed at the parties' conferral. (Doc. 118 at 3.) However, the Court will not consider a request for affirmative relief made in response to a motion. If Defendant BMW NA seeks to compel Plaintiff's response to its Third Request for Production, it must file a separate motion. *See* Fed. R. Civ. P. 7(b) ("A request for a court order must be made by motion.").

### B. Motion to Compel (Doc. 126)

Defendant BMW NA has filed a separate motion to compel Plaintiff's verified written response to Interrogatory No. 20 of BMW NA's Third Set of Interrogatories. (Docs. 126; 126-1.) Interrogatory No. 20 asks Plaintiff to "[i]dentify all vehicles you have owned between 2013 through the present, by make, model, model year, and Vehicle Identification Number (VIN), as well as the dates you owned such vehicles." (Doc. 126-1.)

The scope of discovery is governed by Rule 26, which allows discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending litigation and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The term "relevant" under the Rule is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case." *Akridge v. Alfa Mut. Ins. Co.*, 1 F.4th 1271, 1276 (11th Cir. 2021). Proportionality concerns the importance of the requested discovery, the

parties' relative access to the information, and "whether the burden or expense of the proposed discovery outweighs its likely benefit." *Taylor v. Farm Credit of N. Fla. ACA*, No. 21-13807, 2022 WL 4493044, at *3 (11th Cir. Sept. 28, 2022) (citing Fed. R. Civ. P. 26(b)(1). The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant. *Bright v. Frix*, No. 8:12-cv-1163-T-35MAP, 2016 WL 1011441, at *1 (M.D. Fla. Jan. 22, 2016).

The Court rejects Plaintiff's argument the vehicle information sought is irrelevant; it relates to Plaintiff's claim that BMW NA failed to notify Plaintiff of the alleged risks of the Subject Vehicle. (Doc. 126 at 2.) According to Defendant, Plaintiff testified at his deposition that he received a recall notice sent by BMW NA for a 2003 BMW M-3 he owns and that is also subject to the Takata recall (Doc. 126-2 at 66:22–68:4), but did not receive a similar recall notice for his 2004 BMW 330Ci, the subject vehicle in this case, despite alluding to receiving notice of the recall in his prior interrogatory response. Defendant argues that this inconsistency raises the issues of whether Plaintiff was aware of the recall prior to the crash and whether Plaintiff would have heeded the warnings if he had known about them. (Docs. 126 at 2–3; 126-3 at 11 ("Plaintiff and his immediate family saw a national announcement on the local news for the Takata airbag recalls. After conducting a quick search on the National Highway Safety Traffic Administration website, Plaintiff confirmed his car was part of the Recall.").) The undersigned finds that Defendant has met its burden of showing the relevance of the requested information.

Since Defendant has met its relevancy burden, Plaintiff must articulate how providing the information sought is disproportionate to the needs of the case. Fed. R. Civ. P. 26(b)(1). Plaintiff does not do so in his response; indeed, it would be difficult to meet this burden, since he provided much of the information sought in his Response in opposition to the Motion. (Doc. 127 at 2–3.) The Court sees no reason why Plaintiff cannot easily provide the information for any other cars owned during the referenced time period. Accordingly, the Motion to Compel will be granted.

## CONCLUSION

Accordingly, upon review of the record, the Motion to Quash, the Motion to Compel, and Defendant BMW NA's Responses to the Motions, it is hereby **ORDERED** as follows:

1. Plaintiff's Motion to Quash (Doc. 112) is **GRANTED IN PART**. The subpoenas directed to AT&T Wireless (Doc. 112-1), T-Mobile (Doc. 112-2), and Boost Mobile (Doc. 112-3) are **QUASHED**.

2. Defendant BMW NA's Motion to Compel (Doc. 126) is **GRANTED**. Plaintiff must provide a verified written response to Defendant BMW NA Interrogatory No. 20 **on or before December 11, 2023**.

**DONE** and **ORDERED** in Orlando, Florida on November 29, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE