UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WILLIAM HARRISON SIMS,**

      Plaintiff,

v.                                              Case No: 6:22-cv-1685-PGB-EJK

**BMW OF NORTH AMERICA LLC
and BAYERISCHE MOTOREN
WERKE AG,**

      Defendants.

### ORDER

Before the Court is Plaintiff's Motion to Compel Responses to Punitive Damages Discovery (the "Motion"), filed December 13, 2023. (Doc. 143.) In the Motion, Plaintiff requests that the Court compel each Defendant to answer Interrogatory No. 6 to Plaintiff's Second Set of Interrogatories, seeking information regarding Defendants' financial net worth. (*Id.* at 1.) Defendants timely responded in opposition to the Motion on December 18, 2023. (Doc. 145.) The Motion is now ripe for review.

For each Defendant, Interrogatory No. 6 states: "State [Defendant's] current net worth and describe in detail how you calculated [Defendant's] current net worth." (Docs. 143-1 at 3; 143-2 at 3.) Defendants object to the interrogatory because it is "overly-broad, unduly burdensome, not relevant to the issues in this case, not proportionate to the needs of the case, cumulative and harassing," because it "asks for information that is publicly available to Plaintiff," and because Plaintiff had not

alleged punitive damages at the time the responses were served. (Docs. 143-1 at 3; 143-2 at 3–4.) Defendants do not dispute that Plaintiff has since amended his complaint to assert punitive damages (Doc. 119), so that objection is now moot. (*See* Doc. 145 at 1.)

Defendants focus their response on BMW AG's publicly available annual reports, which Defendants argue are equally available to Plaintiff. (*Id.* at 2.) That may be so, but if Defendants intend to rely upon the reports, which presumably contain summaries of BMW AG's internal financial data, then Defendants must identify which portions of which reports they consider to be responsive to Interrogatory No. 6. Moreover, the undersigned does not consider publicly available reports of Defendants' own financial data to be akin to court records, which are maintained by a third party—the court—and are equally accessible to either party. Defendants maintain their own financial data and generate their own financial reports; thus, the requested information is more accessible to Defendants, even if some of the information is publicly available. Therefore, I do not find the factual context of *Critchlow v. Sterling Jewelers Inc.*, No. 8:18-CV-96-T-30JSS, 2018 WL 7291070, at *4 (M.D. Fla. Nov. 13, 2018) to be analogous to the present dispute.

Defendants did not discuss their remaining, boilerplate objections, and the undersigned deems them waived. *See Martin v. Zale Delaware, Inc.*, No. 8:08-CV-47-T-27EAJ, 2008 WL 5255555, at *1 (M.D. Fla. Dec. 15, 2008) ("Objections stating that a request is 'vague', 'overly broad', or 'unduly burdensome' are meaningless standing

alone."). Accordingly, the Motion is **GRANTED**, and Defendants must supplement their responses, as set forth herein, on or before **January 23, 2024**.

**DONE** and **ORDERED** in Orlando, Florida on January 16, 2024.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE