# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

WILLIAM HARRISON SIMS,

    Plaintiff,

                                                                        Case No.: 6:22-cv-1685-PGB-EJK

v.

BMW OF NORTH AMERICA LLC and
BAYERISCHE MOTOREN WERKE AG,

    Defendants.

___

## MOTION TO SEAL
## WITH INCORPORATED MEMORANDUM OF LAW

___

Plaintiff, William Harrison Sims, through his undersigned counsel and pursuant to Local Rule 1.11(b), hereby files this motion to seal Exhibits B, C, and D to Plaintiff's Response in Opposition to Defendants' Motion for Partial Summary Judgment (Doc. 234) for the Court's consideration.

## I.    BACKGROUND

This case arises out of the catastrophic and life-altering injuries Plaintiff, William Harrison Sims, suffered when a defective airbag inflator installed in his 2004 BMW 330Ci (the "subject BMW vehicle") ruptured, exploded, and shot metal shrapnel throughout the vehicle cabin during a collision, injuring him. Plaintiff

sues Defendants, BMW of North America LLC and Bayerische Motoren Werke AG, in strict liability and negligence for their respective roles in designing, manufacturing, and distributing the subject BMW vehicle with the defective airbag inflator that caused his injuries.

Through the instant motion Plaintiff submits certain items for the Court's review to determine whether they should be sealed pursuant to a protective order entered in MDL No. 2599, *In re: Takata Airbag Products Liability Litigation*, Master Case No. 1:15-md-02599-FAM, pending in the United States District Court for the Southern District of Florida, Miami Division. These items are to be filed in support of Plaintiff's response in opposition to Defendants' motion for partial summary judgment.

## II.     LEGAL STANDARDS

"Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access," which includes the right to inspect and copy public records and documents. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007). "Sealing a docketed item ... used in the adjudication or other resolution of a claim or defense requires a reason sufficiently compelling to overcome the presumption of public access." M.D. Fla. R. 1.11(a); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597–99 (1987). The public's right of access "is not absolute" and "may be overcome by a showing of

good cause," taking into consideration the public interest in accessing court documents and the party's interest in keeping the information confidential. *Romero*, 480 F.3d at 1245–46. Parties may not restrict the public's right of access to court records through their own agreement in a private confidentiality agreement. *See Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985) ("litigants do not have the right to agree to seal what were public records"). Within 14 days after service of a motion to seal, "any party or non-party interested in establishing or maintaining the seal may file a memorandum supporting the seal." M.D. Fla. R. 1.11(c).

### III. DISCUSSION

Pursuant to Local Rule 1.11(b), Plaintiff provides the following information:

Description of the items:

- Exhibit B to Plaintiffs response is a Failure Mode and Effects Analysis for the subject BMW vehicle's front driver-side PSDI-4 airbag inflator and components, Bates stamped TKH-MDL-0001255083.

- Exhibit C to Plaintiff's response is an email chain Bates stamped TKH-MDL-0001352125 through TKH-MDL-0001352127.

- Exhibit D to Plaintiff's response is an email chain Bates stamped TKH-MDL-0005114261 through TKH-MDL-0005114264.

<u>Whether filing the items is necessary:</u>

Plaintiff states that filing the above items is necessary because the items contain relevant information needed to oppose Defendants' motion for partial summary judgment on the issues of the statute of repose and punitive damages.

<u>Whether sealing the items is necessary:</u>

It is unlikely sealing the items is necessary. The items submitted for the Court's review were marked confidential or proprietary pursuant to a protective order in force in MDL No. 2599, *In re: Takata Airbag Products Liability Litigation*, Master Case No. 1:15-md-02599-FAM, pending in the United States District Court for the Southern District of Florida, Miami Division. The party(ies) responsible for designating these items as proprietary or confidential is/are Takata Corporation, TK Holdings, Inc., Initiator Systems Inc., Automotive Systems Laboratory, and/or a related company of one of these companies. Because all of these companies are defunct and the PSDI-4 inflator is no longer manufactured or distributed, there appears to be no legitimate business, proprietary, or privacy interest justifying the sealing of these items from the public record. Neither of the Defendants in this case has designated any of these items as confidential or proprietary pursuant to the parties' private confidentiality agreement executed in this case.

<u>Whether using redaction, a pseudonym, or a means other than sealing is unavailable and unsatisfactory:</u>

Redaction, pseudonyms, or means other than sealing are unavailable and unsatisfactory because using such means would effectively prevent Plaintiff from using the information contained in these items in response to Defendants' motion for partial summary judgment.

<u>Proposed duration of seal:</u>

While Plaintiff maintains sealing is unwarranted, if the Court determines otherwise, Plaintiff suggests the standard duration of seal. *See* M.D. Fla. R. 1.11(e).

<u>Information of potential non-parties who may have an interest in the seal:</u>

Takata Corporation, TK Holdings, Inc., Initiator Systems Inc., Automotive Systems Laboratory, and/or a related company of one of these companies may have an interest in establishing or maintaining these items under seal. However, all of these companies are defunct and no longer in existence. Plaintiff is therefore unable to serve any of these companies with a copy of this motion.

<u>Inclusion of items to be sealed:</u>

Plaintiff includes copies of the items to be sealed with this motion.

**WHEREFORE**, Plaintiff, William Harrison Sims, respectfully submits the instant Motion to Seal for the Court's review.

## **LOCAL RULE 3.01(g) CERTIFICATION OF CONFERENCE**

Pursuant to Local Rule 3.01(g), Plaintiff's counsel and Defendants' counsel conferred prior to filing the instant motion. Plaintiff opposes sealing the items that are the subject of this motion. Defendants do not oppose sealing the items that are the subject of this motion.

Dated: September 9, 2024          Respectfully submitted,

/s/ *Steven E. Nauman*
**STEVEN E. NAUMAN, ESQ.**
Florida Bar No.: 106126
**Morgan & Morgan, P.A.**
20 North Orange Avenue, Suite 1600
Orlando, FL 32801
Telephone: (407) 244-3962
Email: snauman@forthepeople.com
Secondary Email:
angelinarodriguez@forthepeople.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 9, 2024, the foregoing document was electronically filed with the Clerk of Court for the Middle District of Florida, Orlando Division, by using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Steven E. Nauman*
**STEVEN E. NAUMAN, ESQ.**
Florida Bar No.: 106126
**Morgan & Morgan, P.A.**
20 North Orange Avenue, Suite 1600
Orlando, FL 32801
Telephone: (407) 244-3962
Email: snauman@forthepeople.com
Secondary Email:
angelinarodriguez@forthepeople.com
*Counsel for Plaintiff*