UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WILLIAM HARRISON SIMS,**

      **Plaintiff,**

v.                                        Case No: 6:22-cv-1685-PGB-UAM

**BMW OF NORTH AMERICA
LLC and BAYERISCHE
MOTOREN WERKE AG,**

      **Defendants.**

_____/

## ORDER

This cause is before the Court on Defendants' Motion to Preclude Medical Causation Testimony of Dr. Paul Buechel. (Doc. 198 (the "**Motion**")). Plaintiff submitted a Response in Opposition. (Doc. 221). Upon consideration, the Motion is due to be denied.

## I.   BACKGROUND

The procedural setting and the standard of review under *Daubert* are outlined in the Court's Order denying Defendants' Motion to Exclude Certain Testimony of Perry Ponder, P.E. (Doc. 249) and is incorporated here.[1]

---

[1] Defendants note that the December 1, 2023 amendment to Rule 702 clarifies that the Court must find that an expert's opinion "more likely than not" (i.e., the preponderance standard) is helpful, based on sufficient facts or data, is the product of reliable principles and methods, and reflects a reliable application of the principles and methods to the facts of the case. (Doc. 198, p. 6). The amendment is not a seismic shift in the standard of review. District courts were never empowered to allow or exclude expert testimony on a whim. The preponderance standard codifies the prevailing practice of allowing opinions when they are sufficiently

## II. DISCUSSION[2]

Defendants seek to exclude Dr. Buechel's injury causation testimony. They do not challenge his qualifications as a board-certified neurologist. (Doc. 198, p. 8). They argue, however, that he is not a biomechanical engineer and that sufficient facts and data do not support his opinions, nor are they based on a reliable methodology. (*Id.* at pp. 5, 8–9). Defendants dedicate a single paragraph of their 15-page Motion to explaining why Dr. Buechel's causation opinions should be excluded. (*Id.* at p. 12). Defendants submit, without citation to his expert reports, that Dr. Buechel "has no facts or data to support his causation opinion." (*Id.*). They also aver that Dr. Buechel did "no testing" without specifying what testing should have been performed. (*Id.*). Defendants next contend that Dr. Buechel did not review Dr. Bonin's report, again without explaining how this would have been meaningful, while characterizing Bonin's report as flawed. (*Id.*). And Defendants contend that Dr. Buechel fails to rule out contact with the steering wheel or dash as the cause of Plaintiff's neurological injuries. (*Id.*). As such, Defendants characterize Dr. Buechel's opinions as pure *ipse dixit* of an expert based on too great of an analytical gap. (*Id.* (citing *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997))).

---

reliable and more probative than prejudicial. Some jurists will find that the amendment *lowers* the bar for admissibility rather than raises it.

[2] Dr. Buechel's deposition was taken after the discovery cutoff and without leave of Court. (*See* Doc. 192). Citation to an unauthorized deposition to support one's motion is inappropriate. A party is not free to disregard the Case Management Scheduling Order. The Court reserves ruling on whether the unauthorized disposition will be admissible for cross-examination at trial.

In the introductory section of their Motion, Defendants argue that Dr. Buechel testified at deposition that Plaintiff could have sustained "a traumatic brain injury ['**TBI**'] from other blunt trauma to the head." (Doc. 198, p. 4). They contend this undercuts the reliability of his opinion that the defective inflator and the shrapnel surgically removed from Plaintiff caused his TBI. (*Id.*). Defendants also cite Dr. Buechel's deposition, in which he states he did not inspect the shrapnel. (*Id.*). And the defense avers that Plaintiff's nasal septal deviation, which his ear, nose, and throat ("**ENT**") physician felt was secondary to striking the wheel or dash, contradicts Dr. Buechel's causation opinion. (*Id.*). None of these arguments are persuasive, and some of Defendants' characterization of the deposition testimony is inaccurate or incomplete.

Dr. Buechel is a board-certified neurologist who conducted two independent medical evaluations of Plaintiff one year apart. (Doc. 221, p. 2; Doc. 198-1). Dr. Buechel's IME and attendant reports serve two functions. First, Dr. Buechel examined Plaintiff and reviewed all relevant medical records associated with the injuries sustained from the subject accident. (Doc. 198-1). Dr. Buechel offered an assessment of Plaintiff's injuries and limitations based on the medical records, patient history, and his independent medical evaluations. (*Id.* at p. 10). Dr. Buechel then outlined Plaintiff's future necessary and reasonable medical needs. (*Id.* at pp. 11–14). Defendants do not contest Dr. Buechel's qualifications to render these opinions, the reliability of the principles and methodology employed by Dr.

Buechel, or that his testimony about Plaintiff's injuries and future medical needs is helpful to the jury.

Defendants only contest whether Dr. Buechel's opinion that, "[r]egarding causality, in the greatest medical probability, it is [his] opinion that each of these listed diagnoses and symptoms are indeed directly related to the injuries he sustained in the vehicle airbag explosion which occurred on 10/24/19." (*Id.* at p. 11). At deposition, Dr. Buechel clarified that even assuming the ENT is correct that Plaintiff's nasal septal deviation was caused by Plaintiff's face making contact with the wheel or dash, this is still due to the defective inflator sending shrapnel through the airbag and preventing it from protecting the Plaintiff. (Doc. 198-2, 70:9–71:9; Doc. 221, p. 2). Therefore, injuries sustained by contacting the wheel or dash are caused by the airbag exploding. Dr. Buechel further clarified that "the facial lacerations, the eye injuries, the cheek lacerations" and "the mechanism of injury, the speed at which he was going, the size of the lacerations, the depth of shrapnel that's impacted," and related fractures indicate injury caused by the airbag exploding. (Doc. 198-2, 71:10–71:25). In short, Dr. Buechel did not concede that his injury causation opinion is unreliable because the ENT found a septal deviation could have been caused by striking the wheel or dash. To the contrary, Dr. Buechel observed that Plaintiff's nasal bridge exam "looked well on the photographs," and typically, one would expect a laceration or a bridge abrasion when the patient's face strikes the wheel or dash. (*Id.* 55:20–57:16).

4

Turning to the methodology employed by Dr. Buechel to support his injury causation opinion, the Court finds the methodology satisfies the preponderance standard. It is the product of reliable principles and methods properly applied to the facts of the case and, therefore, helpful to the jury. As Plaintiff observes in his response, Dr. Buechel reviewed the medical records and evidence collected from the scene. He considered the nature of the injuries as "an indication of the size of the shrapnel" along with the "depth of penetration." (Doc. 221, p. 2 (quoting 198-2, 42:9–22)). Dr. Buechel also noted that he saw photographs showing debris and shrapnel within the vehicle. (Doc. 198-2, 37:4–7). Based on "a combination of the mechanism of injury, the trauma, itself, with the superimposed shrapnel injuries," Dr. Buechel opined the shrapnel caused the brain injury. (*Id.* 37:16–22). Dr. Buechel also testified that he had conducted research since the early 1990s on head injury and is "comfortable with the mechanism [of injury]" based on the damage caused by the shrapnel, the size of the lacerations, and that surgery was required to remove shrapnel. (*Id.* 38:13–23, 39:6–15, 41:9–22; Doc. 221, p. 3).

Dr. Buechel does not need to be trained as a biomechanical engineer to render his opinions, despite Defendants' bald assertion. Dr. Buechel's opinions rest upon his training and experience, combined with the medical evidence showing the size of lacerations caused by the shrapnel and the depth of penetration. This is more than adequate to satisfy *Daubert* and its progeny. *See, e.g.*, *Moskau v. United Seating & Mobility, LLC*, No. 3:22-cv-1330-HES-JBT, 2024 WL 3341317, at *2–3 (M.D. Fla. May 10, 2024) (holding that physician's medical

causation opinion was based on a sufficiently reliable methodology where the physician reviewed medical records and imaging, examined the plaintiff, and the injury was within the physician's medical specialty); *Price v. Carnival Cruise Lines*, No. 20-cv-20621-BLOOM/Louis, 2022 WL 951318, at *5 (S.D. Fla. Mar. 30, 2022) (holding that the physician's medical causation opinion was based on a sufficiently reliable methodology where the physician relied solely on his review of incident-related medical records and his experience in the relevant medical field).

### III.   CONCLUSION

For these reasons, Defendants' Motion to Preclude Medical Causation Testimony of Dr. Paul Buechel (Doc. 198) is **DENIED.**

**DONE AND ORDERED** in Orlando, Florida on January 13, 2025.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties