UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WILLIAM HARRISON SIMS,**

    **Plaintiff,**

v.                Case No: 6:22-cv-1685-PGB-UAM

**BMW OF NORTH AMERICA
LLC and BAYERISCHE
MOTOREN WERKE AG,**

    **Defendants.**
_____/

### ORDER

  This cause is before the Court on Defendants' Motion for Sanctions Regarding Plaintiff's Failure to Disclose Documents Relied Upon by Expert Robert Renz, Jr. (Doc. 199 (the "**Motion for Sanctions**")). Plaintiff filed a Response in Opposition. (Doc. 218). Upon consideration, the Motion for Sanctions is denied.

### I. BACKGROUND

  The history of this litigation is outlined in the Court's prior Order (*See* Doc. 249) and is incorporated herein by reference. The thrust of Defendants' Motion for Sanctions concerns allegations that Plaintiff's airbag inflator design expert, Robert Renz, Jr., produced documents in response to Defendants' Notice of Duces Tecum Deposition that were not cited in his expert report.[1] (Doc. 199, p. 2). Defendants

---

[1] Defendants support this contention by citing email correspondence regarding Mr. Renz's deposition. (Doc. 199, p. 2). However, the email exchanges do not describe the documents

further contend that Plaintiff failed to produce documents responsive to the notice of taking deposition duces tecum until the evening before Renz's deposition to gain a tactical advantage. (*Id.*). Plaintiff counters that the subpoena duces tecum requested the production of documents in "far less than the 30 days permitted for response." (Doc. 218, p. 3; Doc. 199-2, p. 3). Plaintiff's response was not due until July 11, 2024, and Renz's deposition was noticed on June 27, 2024. (Doc. 218, p. 3). And, the Second Amended Case Management and Scheduling Order ("**CMSO**") provides that discovery closes on July 1, 2024, ten days before Plaintiff's response to the subpoena duces tecum was due.[2] (Doc. 149).

Defendants claim that at deposition, Mr. Renz produced materials not disclosed in his expert report, failed to include materials identified in the report, and provided email correspondence referring to attachments that were not included.[3] (*Id.* at p. 2). Defendants further contend they were prejudiced by

---

produced by Plaintiff in response to the subpoena duces tecum which allegedly vary from those cited in Mr. Renz's report. (Doc. 199-2, p. 5). Defense counsel's email states:

> There are many inconsistencies in the file material you sent last night compared to what Renz said he reviewed in his report. Further, documents that Renz says he reviewed are not in his file. Additionally, many documents in his file were not disclosed in his report as being part of his review. Finally, there are emails included in Renz's file that . . . [contain] attachments, but the attachments are not in Renz's file.

(*Id.*).

[2] Defendants aver that Mr. Renz failed to supply his file three days prior to the deposition, but they do not cite a court order requiring early disclosure of these materials. (Doc. 199, pp. 2–3).

[3] Defendants cite exhibits 2 and 3 to their Motion as evidence of Mr. Renz's disclosure of material not mentioned in his report, his failure to produce documents identified in his report, and his production of email correspondence without including referenced attachments. (Doc.

Plaintiff's failure to produce Mr. Renz's file until the evening before his deposition. (*Id.* at p. 4). However, Defendants failed to acknowledge that Plaintiff was entitled to wait 30 days from receipt of the subpoena duces tecum before producing responsive documents, which had not expired by June 27, 2024.

Defendants further submit that Appendix C of Mr. Renz's expert report lists documents reviewed in preparing the report, including "[e]mail communications between BMW and Takata." (Doc. 199, p. 4 (quoting Doc. 199-3, p. 26)). Defendants claim that 48 documents were produced in response to the deposition duces tecum concerning "internal Takata communications that do not fall under the above improper catchall."[4] (Doc. 199, pp. 4–5). Defendants did not depose Mr. Renz on the opinions he would offer, but they did ask him about documents he produced and documents missing from his file. (Doc. 199-4).

Defendants assert that Plaintiff intends to rely on Mr. Renz to support punitive damages. (Doc. 199, p. 6). Defendants contend they filed a motion to compel better responses to interrogatories seeking the basis for punitive damages, aside from Plaintiff's reference to the *In re: Takata Airbag Products Liability Litigation Matter*.[5] (*Id.*). Defendants further claim that Plaintiff assured them that

---

199, p. 4). As noted *supra* in note 1, exhibit 2 consists of email exchanges between counsel for Defendants and Plaintiff's counsel which do not specify the offending materials in any detail. (Doc. 199-2). And exhibit 3 is Renz's expert report. (Doc. 199-3).

[4]  It does not appear that Defendants filed a motion challenging the "improper catchall" after Mr. Renz's expert report was issued.

[5]  The Magistrate Judge denied Defendants' Motion to Compel, agreeing with Plaintiff that the interrogatories were improper contention interrogatories. (Doc. 182).

the factual basis for punitive damages would be provided in Renz's file. (*Id.*). They argue the deficiencies in Mr. Renz's response to the subpoena duces tecum is unfairly prejudicial. (*Id.* at p. 7). Defendants ask the Court to prohibit Plaintiff from using Mr. Renz as an expert witness, and they seek reasonable expenses and attorney's fees. (*Id.*).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 37 provides that a party may be sanctioned if they "fail[] to provide information or identify a witness as required by Rule 26(a) or (e)." FED. R. CIV. P. 37(c)(1). Rule 37 further provides that the appropriate sanction in such a circumstance includes not allowing the party to use the undisclosed witness or information to supply evidence on a motion, at hearing, or at trial. *Id.* "Rule 37 gives a trial court discretion to decide how best to respond to a litigant's failure to make a required disclosure under Rule 26." *Taylor v. Mentor Worldwide LLC*, 940 F.3d 582, 593 (11th Cir. 2019). However, the Court may not sanction a party for a failure to disclose if the nondisclosure is substantially justified or harmless. *Id.* A failure to disclose is substantially justified where reasonable people could disagree as to whether disclosure was required. *Nevado v. Off. Depot, LLC*, No. 23-cv-80244, 2024 WL 1529177, at *1 (S.D. Fla. Apr. 9, 2024). In determining whether nondisclosure is harmless, courts consider the explanation for the failure, the surprise to the party against whom the evidence would be offered and the party's ability to cure it, the extent to which permitting the evidence would disrupt trial, the importance of the information at issue, and

4

any prejudice caused to the opposing party. *Bendik v. USAA Cas. Ins. Co.*, No. 6:19-cv-118-Orl-41EJK, 2019 WL 9466018, at *2 (M.D. Fla. Oct. 25, 2019).

### III. DISCUSSION

Defendants support their argument that Mr. Renz's response to the subpoena duces tecum was deficient with generalities. They claim Mr. Renz produced materials not disclosed in his expert report, failed to include materials identified in the report, and provided email correspondence referring to attachments that were not included. As Plaintiff correctly notes, Defendants do not identify a single document by its title or address its significance to Mr. Renz's expert opinions. (Doc. 218, p. 5). For example, the subpoena duces tecum requests the production of "[a]ny and all documents which you received or reviewed related to this case." (*Id.* at p. 6 (citing Doc. 218-2)). This category could include materials Mr. Renz reviewed and found unhelpful and may explain why Mr. Renz produced material not listed in his report. Defendants chose not to question Mr. Renz on how documents produced at deposition but not listed in Appendix C of his report may have influenced his opinions, if at all. Defendants' assertion that Mr. Renz's response to the subpoena duces tecum is deficient has not been properly developed by Defendants and is deemed waived. *See W. Sur. Co. v. Steuerwald*, No. 16-61815-CV, 2017 WL 5248499, at *2 (S.D. Fla. Jan. 17, 2017) ("It is axiomatic that arguments not supported and properly developed are deemed waived."); *U.S. Steel Corp v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) (noting that the court

need not consider "perfunctory and underdeveloped" arguments and that such arguments are waived).

Notwithstanding the Court's finding of waiver, Plaintiff is correct that Mr. Renz did not violate Rule 26, so sanctions under Rule 37 are inappropriate. (Doc. 218, pp. 6–7). Mr. Renz's expert report outlines his education, qualifications, and experience relative to the issues at hand. (Doc. 218-1, ¶¶ 1–19). In paragraph 23, he identifies the facts and data considered, and which are cited in his report, and the filings with the National Highway Traffic Safety Administration identified in Appendix C. (*Id.* ¶ 23). Mr. Renz next summarizes his opinions and provides the basis and reasons for his opinions. (*Id.* ¶¶ 24–66). Plaintiff is correct that Rule 26 does not require the expert to attach the documents relied upon in forming opinions. (Doc. 218, p. 7); *see Heard v. Town of Camp Hill*, No. 16-cv-856-WKW-GMB, 2017 WL 5514325, at *1–2 (M.D. Ala. Nov. 17, 2017) (holding that expert's report was sufficient where it described the evidence he considered in forming his opinions in lieu of attaching physical copies of the evidence to his report); *Crouch v. Honeywell Int'l, Inc.*, No. 3:07-cv-638-DJH, 2015 WL 13547448, at *5 (W.D. Ky. Nov. 19, 2015) (holding that Rule 26 does not require expert reports to contain or attach exhibits); *Perez v. El Tequila, LLC*, No. 12-cv-588-JED-PJC, 2015 WL 11144032, at *4 (N.D. Okla. Feb. 13, 2015) (holding that expert's identification of "examples" of documents in his report suffices to disclose that these documents and others like them will be used as exhibits at trial); *R.C. Olmstead, Inc. v. CU Interface, LLC*, 657 F. Supp. 2d 905, 912 (N.D. Ohio 2008) (holding that reference

6

to screenshots in the expert report is sufficient to disclosure that the screenshots will be used as exhibits at trial).

In short, Mr. Renz's report is well-reasoned and thoroughly supported, referencing the materials he considered in reaching his opinions. Federal Rule of Civil Procedure 26(a)(2)(B) provides that the expert report must contain the following:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation paid for the study and testimony in the case.

Defendants do not claim that Mr. Renz's report fails to comply with the requirements of Rule 26. Instead, without supporting citation, they claim that his response to their subpoena included documents not referenced in his report—which is what they requested. Defendants failed to question Mr. Renz to determine whether documents voluntarily produced at deposition and not referenced in his report influenced his opinions. Defendants also claim he produced internal communications between Takata and BMW without developing whether Mr. Renz

relied on these communications or explaining why these records do not fall within one of the categories identified in Mr. Renz's report. Had Defendants taken a substantive deposition, the Court would be better positioned to evaluate whether the "48 documents" were disclosed in the expert report or relied on by Mr. Renz in forming his opinions. Again, the Court notes that Defendants failed to develop the record properly. And so, Defendants' contention that Mr. Renz's voluntary response to an unenforceable subpoena duces tecum impaired their ability to cross-examine him effectively is unsupported. Therefore, sanctions under Rule 37 are inappropriate.[6]

While the Defendants' Motion for Sanctions is deficient, the Court declines to grant Plaintiff's request for sanctions in this overly litigated case.

## IV. CONCLUSION

For these reasons, Defendants' Motion for Sanctions (Doc. 199) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on January 29, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[6] The Court notes that Plaintiff was not obligated to produce any documents at his deposition, since he was entitled to 30 days to respond. One can hardly cry foul when the opposing party voluntarily produces documents.