# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**WILLIAM HARRISON SIMS,**

        **Plaintiff,**

**v.**                                **Case No: 6:22-cv-1685-PGB-UAM**

**BMW OF NORTH AMERICA
LLC and BAYERISCHE
MOTOREN WERKE AG,**

        **Defendants.**

_____/

## **ORDER**

This cause is before the Court on Defendants' Motion to Exclude the Testimony of Dr. Craig Lichtblau ("**Dr. Lichtblau**") or, in the alternative, for Sanctions Regarding Plaintiff's Failure to Present Dr. Lichtblau for Deposition. (Doc. 213 (the "**Motion**")). Plaintiff filed a Response in Opposition. (Doc. 225). Upon consideration, the Motion is denied.

### I.    BACKGROUND

The procedural setting and the standard of review under *Daubert* are outlined in the Court's Order denying Defendants' Motion to Exclude Certain Testimony of Perry Ponder, P.E. (Doc. 249) and are incorporated here.

### II.    DISCUSSION

Defendants assert two challenges to the admissibility of Dr. Lichtblau's expert opinions: substantive and procedural. (*See* Doc. 213). Neither argument has

merit. Defendants do not challenge Dr. Lichtblau's qualifications. He is a board-certified physician specializing in Physical Medicine and Rehabilitation and holds board certification in Brain Injury Medicine. (Doc. 213-1, p. 4). Additionally, Dr. Lichtblau has a robust clinical practice, maintains staff privileges at five hospitals, and has impressive credentials in both leadership and academic roles. (*Id.*). Defendants contend—once again in a cursory manner—that Dr. Lichtblau's expert opinions are irrelevant, inadmissible, and unhelpful. (Doc. 213, p. 2). Defendants' argument is boiled down to a single paragraph. They contend that Dr. Lichtblau's Comprehensive Rehabilitation Evaluation compiles and parrots the opinions of Plaintiff's other retained experts. (*Id.* at p. 11).

Defendants cite a chart, found on pages 74 through 77 of Dr. Lichtblau's 177-page report, where Dr. Lichtblau identifies documentation from Dr. Tarabishy and Dr. Horn listing future medical services Plaintiff will require. (*Id.* (citing Doc. 213-1, pp. 81–84)).[1] Defendants cite nonbinding case law for the principle that the trial court should exclude expert testimony where the expert parrots another individual's out-of-court statements rather than conveying an independent judgment. (Doc. 213, p. 10 (citations omitted)). There are two points here: first, Defendants fail to develop their argument. They make the bald assertion that Dr. Lichtblau is parroting other witnesses and fails to convey independent judgment without developing the argument. They also fail to cite case law that is either on

---

[1] Dr. Lichtblau's expert report includes a preamble, causing the report's pagination to vary from the scanned document.

point or persuasive, relying instead on generalities untethered to this case. As previously observed, the Court is not obligated to address arguments that are unsupported and not properly developed and that such arguments are waived. *See W. Sur. Co. v. Steuerwald*, No. 16-61815-CV, 2017 WL 5248499 at *2 (S.D. Fla. Jan. 17, 2017); *see also U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) (noting that the court need not consider "perfunctory and underdeveloped" arguments and that such arguments are waived).

As Plaintiff correctly notes: "Life care planners prepare comprehensive projections of future medical care and treatment needs to aid economists in calculating the present value of future medical care and treatment." *Anderson-Moody v. Wilson*, 357 So. 3d 1240, 1242 (Fla. 5th DCA 2023) (quoting *Olges v. Dougherty*, 856 So. 2d 6, 8 n.1 (Fla. 1st DCA 2003)). "In doing so, *they necessarily rely on physicians' recommendations*." *Id.* (emphasis added) (quoting *Olges*, 856 So. 2d at 8 n.1). And as Plaintiff avers, had Dr. Lichtblau failed to cite the recommendations of Plaintiff's physicians, Defendants would have moved to exclude his testimony as unreliable. *See, e.g.*, *Rinker v. Carnival Corp.*, No. 09-23154-CIV, 2012 WL 37381, at *2 (S.D. Fla. Jan. 6, 2012) (excluding life care planner's opinion where the expert "admitted that all of the projected medical care and frequency estimates are simply his opinion" and "there is no evidence to support many of [the expert's] estimates for future medical care needs and their costs"); *Trinidad v. Moore*, No. 2:15CV323, 2016 WL 5341777, at *8 (M.D. Ala. Sept. 23, 2016) (excluding life care planner for lack of sufficient factual basis).

Thus, Dr. Lichtblau correctly cites Plaintiff's physicians when determining his future medical needs.

Secondly, Dr. Lichtblau's expert opinions are predicated on his independent judgment. Defendants conveniently omit from their *Daubert* challenge the comprehensive evaluation and detailed analysis performed by Dr. Lichtblau in arriving at his opinions. Dr. Lichtblau begins his report by defining the scope of his work in conducting a Comprehensive Rehabilitation Evaluation:

> The methodology to construct a Comprehensive Rehabilitation Evaluation utilizes a medical model which includes, but is not limited to, obtaining the history directly from the patient, performing a physical examination and/or patient observation, and review of medical records, which includes all available diagnostic films and videos. This process is performed by a licensed practicing physical medicine and rehabilitation physician who utilizes a differential diagnosis to accurately define the patient's appropriate diagnosis. The examining physical medicine and rehabilitation physician will then utilize knowledge, training, clinical practice experience as well as peer reviewed published literature to define the patient's, impairment, disability, and cost for future medical care.

(Doc. 213-1, p. 3).

Dr. Lichtblau meets each objective of a comprehensive rehabilitation evaluation by: (1) summarizing relevant medical records (*Id.* at pp. 8–12, 15–16); (2) performing a physical examination with detailed diagnostic impressions and assessments (*Id.* at pp. 12–15, 16–20); (3) discussing the link between post-concussion syndrome and mild traumatic brain injury and between myofascial pain and depression (*Id.* at pp. 21–24); (4) discussing risk of injury associated with visual deficits as one ages and the impact on one's quality of life (*Id.* at pp. 25–34);

4

(5) performing a differential diagnosis (*Id.* at p. 34); and (6) performing the following: (a) Medical Functional Capacity Assessment, (b) Medical Functional Capacity Opinion, (c) AMA Impairment Rating, (d) Functional Assessment, (e) Continuation of Future Care, (f) Summary Report and Life Expectancy, (g) Supporting Photographs, (h) Outline of Conversations with Providers, (i) Documentation of Costs, (j) Peer-Reviewed Literature, and (k) Medical Records Review. (*Id.* at pp. 34–77). To say that Dr. Lichtblau compiled and parroted the opinions of other experts runs perilously close to inviting Rule 11 sanctions. The Court expects lawyers to comply with their obligation of candor to the tribunal—and this duty applies equally to lawyers appearing *pro hac vice*.

Dr. Lichtblau's opinions are well-grounded in reliable scientific methods and are relevant and helpful to the jury. As such, Defendants' *Daubert* challenge is denied.

Defendants also seek to exclude Dr. Lichtblau from testifying because he failed to appear for his deposition. (Doc. 213, p. 11). Not only is this statement incorrect, but also Defendants ignore that the deadline for completing discovery was July 1, 2024, and the proposed date for Dr. Lichtblau's deposition was July 8, 2024—after the discovery cutoff. (*See* Doc. 244 (the "**CMSO**")). Neither party may notice a deposition after the close of discovery without leave of Court. On May 13, 2024, with the close of discovery approaching, Defendants moved for leave to expand the ten-deposition per side limit. (Doc. 175). They did not seek leave to extend the deadline for discovery or dispositive motions. The Magistrate Judge

5

granted the motion to expand the number of depositions (Doc. 181), and Defendants then moved the Court to establish the duration of each expert deposition. (Doc. 183). The Magistrate Judge granted the latter request the following day. (Doc. 185). By the time the aforementioned motion regarding time limits was filed, only ten days remained to complete discovery.

Defendants did not move to compel Plaintiff to make Dr. Lichtblau available between June 21, 2024 and July 1, 2024. The CMSO provides that "[t]he parties *may not extend deadlines* established in this Case Management and Scheduling Order *without the Court's approval*." (Doc. 244, p. 6 (emphasis added)). The CMSO also states that "[t]he parties are advised that the Court routinely denies motions to compel that are filed after the discovery deadline as untimely." (*Id.* at p. 7). Regardless, Defendants requested to depose Dr. Lichtblau on July 8, 2024. (Doc. 213-2, p. 2). July 8th did not work for Dr. Lichtblau, and Defendants asked for an alternate date on or before July 16, 2024. (*Id.* at p. 1). Defendants now argue that Plaintiff should be sanctioned and Dr. Lichtblau prevented from testifying because he did not *appear* for his deposition on July 8th. (Doc. 213, pp. 11–13).

Defendants proposed a date after July 8th, and as such, Dr. Lichtblau could not have failed to appear at a rescheduled deposition. Regardless, Defendants' remedy was to either (a) file a motion to extend the deadline for depositions, or (b) file a motion to compel his deposition before discovery closed on July 1st. What Defendants cannot do is wait until August 5, 2024—more than one month after the close of discovery—to seek sanctions when Defendants never moved to compel Dr.

6

Lichtblau's deposition. Defendants failed to move to compel Dr. Lichtblau's deposition before the close of discovery and may not now cry prejudice. Accordingly, Defendants' request for sanctions is denied.

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Exclude the Testimony of Dr. Craig Lichtblau or, in the alternative, for Sanctions Regarding Plaintiff's Failure to Present Dr. Lichtblau for Deposition (Doc. 213) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on March 5, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties