# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**WILLIAM HARRISON SIMS,**

      **Plaintiff,**

v.                                                    **Case No: 6:22-cv-1685-PGB-UAM**

**BMW OF NORTH AMERICA
LLC and BAYERISCHE
MOTOREN WERKE AG,**

      **Defendants.**

_____/

# **ORDER**

This cause is before the Court on Defendants BMW of North America, LLC ("**BMW NA**") and Bayerische Motoren Werke AG's (collectively, the "**BMW Defendants**" or "**Defendants**") Motion for Summary Judgment Pursuant to Florida's Statute of Repose and Partial Summary Judgment on Plaintiff's Punitive Damages Claim. (Doc. 203 (the "**Motion**")). Plaintiff filed a Response in Opposition (Doc. 234), and Defendants submitted a Reply thereto. (Doc. 240). Upon consideration, Defendants' Motion is denied.

## I.    LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The party moving for summary judgment must "cit[e] to particular parts of materials in the record, including depositions,

documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" to support its position that it is entitled to summary judgment. FED. R. CIV. P. 56(c)(1)(A). "The court need consider only the cited materials." FED. R. CIV. P. 56(c)(3). On summary judgment, the court "do[es] not weigh conflicting evidence or make credibility determinations." *Wate v. Kubler*, 839 F.3d 1012, 1018 (11th Cir. 2016). Instead, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* (quoting *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (per curiam)).

A genuine dispute of material fact is one from which "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, "[a] mere scintilla of evidence in support of the non-movant is insufficient to defeat a motion for summary judgment." *Kesinger ex rel. Estate of Kesinger v. Herrington*, 381 F.3d 1243, 1249–50 (11th Cir. 2004) (citing *Anderson*, 477 U.S. at 247). To defeat a motion for summary judgment, the non-moving party must "go beyond the pleadings, and present affirmative evidence to show that a genuine issue of material fact exists." *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006).

II. **DISCUSSION**

Defendants argue that Plaintiff's claims are barred by the statute of repose. (Doc. 203, pp. 2–6). Florida Statute § 95.031 provides for a 12-year statute of repose. The subject vehicle was manufactured in 2004, and Plaintiff's claim arose

from an accident in 2019. (Doc. 204, ¶¶ 2, 8). Defendants also aver they are entitled to summary judgment on Plaintiff's punitive damages claim asserted in the Third Amended Complaint. (Doc. 203, p. 3). Defendants contend that Plaintiff cannot prove Defendants were personally guilty of intentional misconduct or gross negligence, as required under Florida Statute § 768.72(2)(a)–(b). (*Id.*).

### A. Tolling of Statute of Repose

Florida's 12-year statute of repose includes a tolling provision, which states:

> The repose period prescribed within [§ 95.031(2)(b)] is tolled for any period during which the manufacturer through its officers, directors, partners, or managing agents had actual knowledge that the product was defective in the manner alleged by the claimant and took affirmative steps to conceal the defect.

FLA. STAT. § 95.031(2)(d). Thus, any period of time that the defective product's manufacturer knew about and concealed the defect is excluded from the 12-year statutory period. *Stimpson v. Ford Motor Co.*, 988 So. 2d 1119, 1121 (Fla. 5th DCA 2008). A party may proceed to trial if it can offer "evidence, which if believed by a jury, could establish, *or at least infer*, concealment of the defect by [the defendant]." *Id*. Florida jurisprudence holds that a party conceals a defect and tolls the statute of repose by refraining from disclosing the defect. *Nehme v. Smithkline Beecham Clinical Labs., Inc.*, 863 So. 2d 201, 205 (Fla. 2003).

Defendants advance two arguments on their affirmative defense of the statute of repose. First, Defendants claim Plaintiff proffers no evidence that Defendants knew of the Takata airbag defect and concealed that information from the consuming public. (Doc. 203, p. 4). Second, Defendant BMW NA claims the

3

tolling provision of the statute of repose applies only to manufacturers and not distributors such as themselves. (*Id.* at p. 7). As for the former argument, Plaintiff's expert, Mr. Renz, and Defendants' expert, Mr. Lange, present opposing interpretations of the information known to Defendants regarding the defective Takata airbag inflators. The Court's Orders denying *Daubert* challenges regarding Messrs. Renz and Lange outline the competing testimony. (Docs. 256, 272). The dueling experts present the quintessential question of material fact relative to what the BMW Defendants knew and when they knew it versus when they told consumers. Accordingly, summary judgment is not warranted.

As for Defendants' second argument that the tolling provision of Florida's statute of repose applies *only* to manufacturers and not distributors, BMW NA fails to cite precedent—or any jurisprudence—in support of this proposition. The Florida Supreme Court has recognized that a strict liability theory may apply to manufacturers and others in the distribution chain, including retailers, wholesalers, distributors, and commercial lessors. *Samuel Friedland Family Enters. v. Amoroso*, 630 So. 2d 1067, 1068 (Fla. 1994). Under Florida law, strict liability actions are "based on the essential requirement that the responsible party is in the business of and gains profits from distributing or disposing of the 'product' in question through the stream of commerce." *Johnson v. Supro Corp.*, 498 So. 2d 528, 528–29 (Fla. 3d DCA 1986). If a product liability claim may be brought against a distributor who profits from selling the product, such as BMW NA, the tolling provision of Florida's statute of repose must also extend to distributors.

4

Otherwise, distributors are preferred among potentially responsible parties who profit from selling a defective product by enjoying an *absolute* statute of repose. Moreover, the tolling provision extends to the manufacturer through its "officers, directors, partners, or managing agents" for any period they had actual knowledge of the defect and concealed the defect. FLA. STAT. § 95.031(2)(b), (d). A distributor who places the product into the stream of commerce surely meets the definition of a partner. Accordingly, summary judgment as to BMW NA on the affirmative defense of the statute of repose is denied.

### B. Punitive Damages

Plaintiff bases his claim for punitive damages on Defendants' knowledge that the Takata airbags in their vehicles were defective and concealed that information from the consuming public. (Doc. 234, p. 19). As discussed in the preceding section, an issue of material fact remains concerning Defendants' knowledge of the defective Takata inflators and whether they concealed that information, thus delaying warning consumers about the danger. *See Alfeo v. I-Flow, LLC*, No. 11-80837, 2012 WL 442981, at *2 (S.D. Fla. Feb. 10, 2012) (citing *Holmes v. Bridgestone/Firestone, Inc.*, 891 So. 2d 1188, 1191–92 (Fla. 4th DCA 2005) (holding actual knowledge of a danger followed by a failure to warn of that danger supports punitive damages)). While the bar is high for imposing punitive damages, if the jury accepts Plaintiff's evidence on Defendants' knowledge and alleged inaction, a reasonable jury could return a verdict for Plaintiff on punitive

damages. Defendants' request for summary judgment on punitive damages is thus denied.

### III. CONCLUSION

Accordingly, Defendants' Motion for Summary Judgment Pursuant to Florida's Statute of Repose and Partial Summary Judgment on Plaintiff's Punitive Damages Claim (Doc. 203) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on March 5, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties