UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WILLIAM HARRISON SIMS,**

      **Plaintiff,**

v.                                         Case No: 6:22-cv-1685-PGB-UAM

**BMW OF NORTH AMERICA
LLC and BAYERISCHE
MOTOREN WERKE AG,**

      **Defendants.**
_____/

**ORDER**

This cause is before the Court on Defendants' Motion for Partial Reconsideration of the Court's Order Denying Motion to Exclude Testimony of Robert Renz, Jr. ("**Mr. Renz**"). (Doc. 287 (the "**Motion**")). The Court does not require a response from Plaintiff, and upon consideration, the Motion is denied.[1]

**I.    LEGAL STANDARD**

A court's reconsideration of a prior order is an "extraordinary remedy" that should be used "sparingly." *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072–73 (M.D. Fla. 1993); *accord Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Such a motion may arise

---

[1] "A trial court has managerial power that has been described as 'the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1012 (5th Cir. 1977) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all Fifth Circuit decisions prior to October 1, 1981).

under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 59(e), 60(b).

Under either Rule, a motion to reconsider cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised [earlier]." *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005); *accord Imperato v. Hartford Ins. Co.*, 803 F. App'x 229, 231 (11th Cir. 2020) (per curiam).[2] It is wholly inappropriate in a motion for reconsideration to "vent dissatisfaction with the Court's reasoning." *Madura v. BAC Home Loans Servicing L.P.*, No. 8:11-cv-2511, 2013 WL 4055851, at *2 (M.D. Fla. Aug. 12, 2013) (quoting *Ludwig v. Liberty Mut. Fire Ins. Co.*, No. 8:03-CV-2378-T-17-MAP, 2005 WL 1053691, at *4 (M.D. Fla. Mar. 30, 2005)). Instead, the moving party must set forth "strongly convincing" reasons for the Court to change its prior decision. *Id.* at *1. Thus, to prevail on a motion to reconsider, the movant must identify "manifest errors of law or fact" or extraordinary circumstances. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotation omitted).[3]

---

[2] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

[3] Reconsideration is an extraordinary remedy which will only be granted upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice. *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).

## II.   DISCUSSION

Defendants filed a *Daubert* challenge regarding Plaintiff's airbag inflator expert, Mr. Renz. (Doc. 210). Defendants summarized the four opinions offered by Mr. Renz: "(1) the use of PSAN renders the inflator defective and unreasonably dangerous; (2) the 2004 BMW 330Ci ("**Subject BMW**") operated by Plaintiff contained an inflator with PSAN; (3) the defect was present in the inflator at the time the Subject BMW was manufactured and sold; and (4) BMW knew about the 'defective nature of PSAN' at the time of manufacture but did not disclose it until May 2015." (*Id.* at p. 2 (emphasis added)). Defendants sought to exclude the first three opinions as irrelevant and unhelpful. (*Id.* at p. 12).

Defendants argued that Mr. Renz's first opinion that using PSAN renders the inflator defective and unreasonably dangerous "is irrelevant as . . . Defendants do not dispute that the inflator here ruptured and contained PSAN." (*Id.*). Thus, Defendants, in seeking to limit Mr. Renz's testimony, submitted to the Court that PSAN renders the inflator defective and unreasonably dangerous and that the subject BMW had an inflator with PSAN. In an attempt to exclude Mr. Renz's third opinion that "this defect was present in the Relevant Inflator installed in Plaintiff's subject BMW vehicle at the time the vehicle was manufactured and sold," Defendants aver that "[t]his opinion is irrelevant similar to the first opinion as it concerns *facts* not in dispute." (*Id.* at p. 14 (emphasis added)). Defendants clarified that they "dispute the cause of Plaintiff's injuries (i.e., that any airbag deployment

3

could have caused the same injuries), not the underlying *facts* that Plaintiff's airbag inflator *did rupture and the reasons why*." (*Id.* (emphasis added)).

The only merits-based challenge presented by Defendants concerned Mr. Renz's fourth opinion, which dealt with whether Defendants knew about the defective nature of PSAN and the risk of injury it posed when the subject BMW was manufactured. (*Id.*). Defendants argued the fourth opinion should be excluded because it is a "one-sided summary of Takata documents that require no expertise to understand, will not assist the Jury, and is an opinion on the corporate intent of . . . Defendants." (*Id.* at p. 17). In what can only be described as a stunning reversal, Defendants now claim that in reality they "argued that three of Renz's opinions should be excluded as irrelevant—meaning they lack a 'valid scientific connection to the pertinent inquiry.'" (Doc. 287, p. 4). And yet, in their *Daubert* motion, Defendants did not raise challenges to the "scientific" underpinnings of Mr. Renz's first three opinions. To the contrary, Defendants doubled down on their position that these opinions involve *facts* not in dispute by characterizing the dispute as follows: "The issue in this case is whether . . . Defendants had knowledge of the defect and failed to remedy it timely." (Doc. 210, p. 2).

Defendants, via their instant Motion requesting partial reconsideration, want to reverse course and contest Mr. Renz's first three opinions. To achieve this goal, Defendants contend the Court improperly "parsed" and inaccurately read their *Daubert* motion, and the Court should not "rule" that Defendants admitted or conceded the facts supporting Mr. Renz's first three opinions. (Doc. 287, pp. 2–

4

4). However, Defendants sought to profit by arguing that Mr. Renz's first opinion (the use of PSAN renders an inflator defective and unreasonably dangerous), his second opinion (the inflator in the subject BMW was defective), and his third opinion (the defect was present in the subject BMW *at the time the vehicle was manufactured and sold*) should be excluded as irrelevant because they concern *facts* not in dispute. Defendants may not retreat from that position.

Defendants narrowed the dispute over Mr. Renz's anticipated testimony about whether his review of various documents, in combination with his experience, entitles him to opine as to the state of Defendants' knowledge when the subject BMW was sold. To quote Defendants, "Defendants dispute the cause of Plaintiff's injuries (i.e., that any airbag deployment could have caused the same injuries), *not the underlying facts* that Plaintiff's airbag inflator did rupture and the reasons why. Thus, this testimony [about the first three opinions] must not be permitted at trial." (Doc. 210, p. 14).

In an attempt to create an appellate issue where none exists, Defendants characterize the Court's recitation of *their* position as a ruling that amounts to partial summary judgment. (*Id.* at p. 6). This is an absurd argument. Defendants advised the Court that the factual accuracy of Mr. Renz's first three opinions is not disputed, and as much as they may want to rewrite history, the facts are the facts.[4]

---

[4] Defense counsel claims that when they represented to the Court—as officers of the Court—that Mr. Renz's first three opinions should be excluded because they involve *facts* not in dispute, this was nothing more than "counsel's conception of the legal theory of the case." (Doc. 287, p. 8). This is nonsense. Counsel sought a tactical advantage by attempting to exclude 75% of Mr. Renz's opinions because the *facts* were not in dispute. This is not a thought

And repeating what Defendants write in their own motion does not amount to a ruling, much less summary judgment.

Finally, Defendants seek reconsideration of the Court's observation that defense counsel's assertion that Mr. Renz's first three opinions consist of facts not in dispute are admissible under Rule 801(d)(2)(A). (Doc. 287, p. 2). First, the Court's observation is not a ruling because it is unnecessary to dispose of the *Daubert* motion before the Court. Thus, a motion for reconsideration is not the appropriate way for Defendants to raise their consternation over the Court's musings. Rather, Defendants may object at trial should Plaintiff seek to admit counsel's assertion regarding facts not in dispute. Secondly, Defendants' reliance on *Starbuck v. R.J. Reynolds Tobacco Co.*, 349 F. Supp. 3d 1223, 1236 (M.D. Fla. 2018), is misplaced. The district court in *Starbuck* correctly noted that counsel's statements about withdrawing or dropping a claim for COPD is not an admission of fact, because it addresses a legal theory. *Id.* Here, counsel explicitly stated that Mr. Renz's first three opinions are *facts* not in dispute.

### III. CONCLUSION

Defendants' Motion for Partial Reconsideration of the Court's Order Denying Motion to Exclude Testimony of Robert Renz, Jr. (Doc. 287) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on March 18, 2025.

---

experiment. Counsel is not Erwin Schrödinger pondering superposition in quantum mechanics. Defense counsel is experiencing something more pedestrian. It is called buyer's remorse.

6

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties