**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**WILLIAM HARRISON SIMS,**

       **Plaintiff,**

v.                                       **Case No: 6:22-cv-1685-PGB-UAM**

**BMW OF NORTH AMERICA
LLC and BAYERISCHE
MOTOREN WERKE AG,**

       **Defendants.**

_____/

**<u>ORDER</u>**

This cause is before the Court on Defendants' Motion in Limine. (Doc. 267). Plaintiff submitted a Response. (Doc. 285).

**I.   LEGAL STANDARD**

In a motion in limine, a party may present the trial court with pretrial issues regarding the admissibility of evidence likely to be presented at trial. *Holderbaum v. Carnival Corp.*, No. 13-24216-CIV, 2015 WL 12085846, at *1 (S.D. Fla. Mar. 4, 2015) (citing *Begualg Inv. Mgmt., Inc. v. Four Seasons Hotel Ltd.*, No. 10-22153-CIV, 2013 WL 750309, at *1 (S.D. Fla. Feb. 27, 2013)). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial." *Id.*

Notably, "[m]otions in limine are disfavored," and "[i]n fairness to the parties and their ability to put on their case, a court should exclude evidence in limine only when it is clearly inadmissible on all potential grounds." *Id.*; *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). For this reason, when the evidence is not clearly inadmissible, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Gonzalez*, 718 F. Supp. 2d at 1345 (quoting *In re Seroquel Prods. Liab. Litig.*, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009)). Importantly, an in limine ruling "remains subject to reconsideration by the court throughout the trial," and the parties may renew their objections as appropriate. *In re Seroquel Prods. Liab. Litig.*, 2009 WL 260989, at *1 (quoting *Stewart v. Hooters of Am., Inc.*, No. 8:04–cv–40–T–17–MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007)).

**II. DISCUSSION**

A motion in limine should address specific factual or legal disputes that require the Court's attention before trial. A party wastes the Court's limited resources by moving in limine for a ruling on a legal principle that is obvious and untethered to a dispute. The following Motions in Limine raised by Defendants fall into the category of generic legal principles that do not warrant pretrial rulings:

    I.    Reptile Theory And/Or Golden Rule Arguments

    II.    Arguments Related to Punitive Damages

    V.    Injury Causation Testimony from Plaintiff's Treating Physicians

VII.  Reference to Resources Devoted to the BMW Defendants' Defense

IX.  Evidence or Arguments Not Contained in Plaintiff's Third Amended Complaint

XI.  References to Any Request for a Specific Dollar Amount During Voir Dire

XII.  Use of Improper or Inflammatory Terminology Related to Takata's Airbags

XIII.  Plaintiff's Counsel's Personal Opinions

XIV.  Preclude Lay Witnesses from Offering Expert Opinions

The aforementioned Motions in Limine involve the application of commonsense principles known to trial attorneys and do not merit pretrial rulings by the Court. Moreover, Defendants do not ask the Court to resolve questions of relevance, admissibility, or the application of law to facts. They ask the Court to direct Plaintiff to follow the law. Since the above Motions in Limine do not present a legal or factual dispute requiring the Court's attention, the respective Motions in Limine are **DENIED**, and counsel is free to object to argument, testimony, or exhibits they believe violate the traditional rules governing civil trials when appropriate.

### A.   Motions in Limine that Warrant Discussion[1]

#### 1.   *The Size, Wealth, and/or Market Share of BMW*

Defendants argue evidence concerning their size, wealth, and market share do not relate to the issues in dispute. (Doc. 267, pp. 5–7). Plaintiff has brought a claim for punitive damages, and evidence concerning Defendants' financial resources is relevant and admissible on the issue of punitive damages. *See Soliday v. 7-Eleven, Inc.*, No. 2:09-CV-807-FTM-29, 2010 WL 4537903, at *2 (M.D. Fla. Nov. 3, 2010). Defendants' respective Motion in Limine is thus **DENIED**.

#### 2.   *Videos & Photographs of Plaintiff's Injuries*

Defendants oppose the introduction of approximately thirty (30) images of Plaintiff's injuries as cumulative and unfairly prejudicial. (Doc. 267, pp 7–9). Plaintiff responds that the pictures of his injuries are probative to his damages and are not cumulative in that they focus on different portions of his body and various stages of healing. (Doc. 285, pp. 5–6). Photographs of the injuries sustained by Plaintiff are relevant, and Defendants are free to object to the cumulative nature of the exhibits if appropriate at trial. There are no video recordings of Plaintiff's injuries. Accordingly, Defendants' Motion in Limine is **DENIED.**

#### 3.   *References to Other Incidents*

Defendants seek to preclude evidence of, or the questioning of, witnesses concerning other incidents or claims. (Doc. 267, p. 11). Defendants fail to identify

---

[1] Defendants incorrectly number their Motions in Limine. For example, they list Roman Numeral II twice and skip Roman Numeral IV. Accordingly, the Court will identify the Motion in Limine substantively and avoid using the numeral assigned by Defendants.

4

the other incident or claims—commonly called other similar incidents or OSIs. Defendants provide the Court with the blackletter law on admissibility of OSIs, and Plaintiff acknowledges he must satisfy the foundation before an OSI may be admitted. (Doc. 285, p. 8). The Court cannot rule on the admissibility of OSIs in a vacuum. Defendants' Motion in Limine is therefore **DENIED**. Defendants are free to object if they believe Plaintiff has failed to lay the requisite foundation.

4. *The "Swiss Incident"*

Defendants seek to exclude evidence regarding "an incident" that occurred in Switzerland in 2003, which they believe Plaintiff will offer to show that Defendants knew Ammonium Nitrate was susceptible to degradation from heat and moisture. (Doc. 267, pp. 13–14). Defendants claim that "extensive discovery conducted on this incident indisputably shows" it was "an isolated manufacturing issue of overpacking propellant into the airbag inflator." (*Id.*). Defendants provide no basis to support their contention that the Swiss incident differs from the defect in this case.[2] Thus, Defendants' respective Motion in Limine is **DENIED**.

5. *References to the Speed of Shrapnel*

Defendants argue evidence or argument concerning the speed the shrapnel from the airbag inflator traveled is irrelevant and serves to invoke sympathy, rendering it inadmissible under Rule 403. (Doc. 267, pp. 14–15). Plaintiff counters that the speed and force of the shrapnel is relevant to injury causation. (Doc. 285,

---

[2] Defendants provide the following record citation: "*See supra at pg. 2*," but there is no record cited before this citation for one to reference.

pp. 9–10). Plaintiff cites the opinions of Dr. Stephanie Bonin and Dr. Paul Buechel as having relied on the force of the shrapnel in determining injury causation. (*Id.*). The Court agrees, as also discussed in its Orders addressing Defendants' *Daubert* challenges of these two experts, that the force with which the shrapnel struck Plaintiff is relevant to injury causation. Defendants' Motion in Limine is therefore **DENIED.**

### 6. *Defendants as Co-Conspirators with Takata*

Defendants argue it is unfairly prejudicial for Plaintiff to refer to them as Takata's co-conspirators due to the criminal connotation associated with that term. (Doc. 267, pp. 15–16). Plaintiff responds that Defendants fail to cite authority precluding the use of co-conspirator to describe the relationship between Defendants and Takata. (Doc. 285, p. 10). Plaintiff is correct that the term co-conspirator is not limited to criminal proceedings. One may be a co-conspirator in a complaint alleging civil RICO violations. Plaintiff also argues Defendants should not be allowed to use Takata's criminal prosecution as a sword and a shield. (*Id.* at p. 11). That is, Defendants should not cast Takata as a criminal while distancing themselves from their business relationship. (*Id.* at p. 12). The Court finds the use of the term co-conspirator is not unduly prejudicial. Defense counsel will undoubtedly emphasize that Defendants were not charged with criminal wrongdoing. Defendants' Motion in Limine is **DENIED**.

       7.     *Asserting Takata Entities Were not Responsible for Injuries*

Defendants seek to prevent Plaintiff from arguing that Takata Corporation and TK Holdings were not the manufacturers of the subject airbag. (Doc. 267, p. 19). Plaintiff responds that apportionment of fault to a non-party is an affirmative defense under Florida law for which Defendants have the burden of proof. (Doc. 285, p. 14). Plaintiff asserts that the label on the airbag shows it was manufactured by Inflation Systems, Inc., LaGrange, Georgia, not Takata Corporation or TK Holdings. (*Id.* at pp. 15–16). Moreover, Plaintiff notes that Takata's guilty plea arises from wire fraud charges and does not foreclose the jury from finding the subject airbag was manufactured by Inflation Systems, Inc. (*Id.* at p. 17). Finally, Plaintiff submits that receiving a settlement from the Trust Fund, if admissible, does not prove Takata manufactured the subject airbag. (*Id.* at p. 16). Ultimately, the jury must apportion fault, and Plaintiff can offer evidence to counter the *Fabre* defense. It is up to the jury to decide whether to accept or reject that evidence. Thus, Defendants' Motion in Limine is **DENIED**.

      **DONE AND ORDERED** in Orlando, Florida on April 4, 2025.

*[Signature]*
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

Case 6:22-cv-01685-PGB-UAM Document 299 Filed 04/04/25 Page 8 of 8 PageID 11967