## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

WILLIAM HARRISON SIMS,

      Plaintiff,

                                     Case No.: 6:22-cv-1685-PGB-NWH

v.

BMW OF NORTH AMERICA LLC and
BAYERISCHE MOTOREN WERKE AG,

      Defendants.

### COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

**Jury Instruction No. 1**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

## __Jury Instruction No. 2__

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## Jury Instruction No. 3

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1.  Did the witness impress you as one who was telling the truth?

2.  Did the witness have any particular reason not to tell the truth?

3.  Did the witness have a personal interest in the outcome of the case?

4.  Did the witness seem to have a good memory?

5.  Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6.  Did the witness appear to understand the questions clearly and answer them directly?

7.  Did the witness's testimony differ from other testimony or other evidence?

## Jury Instruction No. 4

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## Jury Instruction No. 5

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

## Jury Instruction No. 6

Mr. Sims asserts two claims. First, he claims that BMW AG and BMW NA are responsible for the subject BMW vehicle's defectively designed airbag inflator.

Second, Mr. Sims claims that BMW NA was negligent in its performance of Recall 15V-318.

Mr. Sims bears the "burden of proof" or the "burden of persuasion" as to each of these claims. When more than one claim is involved, you should consider each claim separately. In deciding whether Mr. Sims has met his burden of proof, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Mr. Sims' claim, you should find for BMW NA and BMW AG on that claim.

## <u>Jury Instruction No. 7</u>

On Mr. Sims' first claim, the parties agree that the subject BMW vehicle's driver-side airbag inflator has a defective design and that this defective design caused injury to Mr. Sims.

To prove this claim, Mr. Sims must prove that BMW AG, as the manufacturer of the subject BMW vehicle, through its officers, directors, or managing agent, had actual knowledge that the inflator was defectively designed and took affirmative steps to conceal the design defect. To "conceal the defect" means BMW AG did not disclose the defect despite having actual knowledge of it. A "managing agent" is defined as an individual of such seniority and stature within the corporation or business to have ultimate decision-making authority for the company.

In order to prove this claim, it is Mr. Sims' burden to prove by clear and convincing evidence that BMW AG had actual knowledge of the design defect and took affirmative steps to conceal it "Clear and convincing evidence" is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.

If Mr. Sims proves by clear and convincing evidence that BMW AG knew about the defect and concealed it, you should find for Mr. Sims on this claim. If Mr. Sims does not prove by clear and convincing evidence that BMW AG knew about the defect and concealed it, you should find for BMW AG and BMW NA on this

claim. BMW AG's actual knowledge and concealment of the defect may be proven with either direct or circumstantial evidence.

## Jury Instruction No. 8

To prevail on his second claim that BMW NA negligently performed safety recall number 15V-318 relating to the front driver-side airbag inflator, Mr. Sims must prove two elements by a preponderance of the evidence:

> First, that BMW of NA was negligent in performing safety recall 15v-318, and

> Second, that BMW of NA's negligence was a legal cause of his injuries.

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Mr. Sims' claim is more likely true than not true.

If you find that BMW NA was negligent and that its negligence is a legal cause of Mr. Sims' injuries, your verdict is for Mr. Sims on this claim, and you will be asked to award him damages.

However, if you find that BMW NA was not negligent or that its negligence was not a legal cause of Mr. Sims' injuries, then your verdict is for BMW NA on this claim, and you will not award Mr. Sims damages on this claim.

I will now provide further instructions to you on what Mr. Sims needs to prove on this claim.

## Jury Instruction No. 9

Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.

## <u>Jury Instruction No. 10</u>

The National Traffic and Motor Vehicle Safety Act, or "Safety Act" for short, is a set of statutes and regulations that may help you decide whether or not BMW of North America was negligent in the administration of safety recall number 15V-318. The Safety Act was passed by Congress in 1966 in part to prescribe motor vehicle safety standards for motor vehicles and motor vehicle equipment in interstate commerce. For your purposes in this case, the Safety Act describes when and how vehicle manufacturers must notify vehicle owners about defects and recalls associated with their vehicles. I will now list portions of the Safety Act for you to consider:

<u>Title 49 U.S.C. § 30102(a)(6)(B)</u> defines "manufacturer" to include any person who imports motor vehicles or motor vehicle equipment for resale. In this case, BMW NA is a "manufacturer" fitting within this definition.

<u>Title 49 U.S.C. § 30118(c)</u> requires BMW NA, upon learning that a vehicle it sold contains a defect related to motor vehicle safety, to notify owners of the vehicle about the defect.

<u>Title 49 U.S.C. § 30119(d)</u> requires BMW NA to send notice to each person registered under State law as the owner and whose name and address are reasonably ascertainable through State records or other available sources.

<u>Title 49 U.S.C. § 30119(a)</u> requires the notice BMW NA must send to include certain information, including: (1) a clear description of the defect or noncompliance; (2) an evaluation of the risk to motor vehicle safety reasonably

related to the defect or noncompliance; (3) the measures to be taken to obtain a remedy of the defect or noncompliance; (4) a statement that the manufacturer giving notice will remedy the defect or noncompliance without charge; (5) the earliest date on which the defect or noncompliance will be remedied without charge; (6) the procedure the recipient of a notice is to follow to inform the Secretary of Transportation when a manufacturer, distributor, or dealer does not remedy the defect or noncompliance without charge.

Title 49 C.F.R. § 577.10(c) requires BMW NA to provide follow-up notifications to vehicle owners with respect to vehicles or items of equipment that have not been returned for remedy pursuant to prior notifications.

Violation of the Safety Act is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that BMW NA violated the Safety Act, you may consider that fact, together with the other facts and circumstances, in deciding whether BMW NA was negligent.

## <u>Jury Instruction No. 11</u>

Negligence is a legal cause of injury if it directly and in natural and continuous sequence produces or contributes substantially to producing such injury, so that it can reasonably be said that, but for the defect, the injury would not have occurred.

In order to be regarded as a legal cause of injury, the negligence need not be the only cause. Negligence may be a legal cause of injury even though it operates in combination with the act of another, some natural cause, or some other cause if it contributes substantially to producing such injury.

## Jury Instruction No. 12

If Mr. Sims proves one or more of his claims by the applicable burden of proof, then you shall consider the affirmative defense raised by BMW AG and BMW NA.

On this affirmative defense, the issue for you to decide is whether Mr. Sims, Gloria Sims, Darron Sims, and/or TK Holdings, Inc. (Takata) was negligent and, if so, whether that negligence was a contributing legal cause of Mr. Sims' injuries. BMW AG and BMW NA must prove this affirmative defense by a preponderance of the evidence. BMW AG and BMW NA can prevail in this case or reduce the amount awarded to Mr. Sims if they prove this affirmative defense.

If the preponderance of the evidence does not support BMW's defense and the preponderance of the evidence supports one or more of Mr. Sims' claims, then your verdict should be for Mr. Sims in the total amount of his damages related to that claim.

If, however, the evidence shows that any of BMW AG, BMW NA, Mr. Sims, Gloria Sims, Darron Sims, and/or TK Holdings, Inc. (Takata) were at fault and that the fault contributed as a legal cause of Mr. Sims' injury, you should decide and write on the verdict form what percentage of the total responsibility was caused by each of them.

While you may consider whether TK Holding, Inc. (Takata) was negligent and, if so, whether that negligence was a contributing legal cause of Mr. Sims'

injuries on Plaintiff's negligent recall claim, you may not consider whether TK Holding, Inc. (Takata) was negligent and, if so, whether that negligence was a contributing legal cause of Mr. Sims' injuries on the design defect claim. This is because the manufacturer of a vehicle is considered the manufacturer of its component parts, including the airbag inflator, for the purpose of liability for personal injury resulting from the use of the component part.

## <u>Jury Instruction No. 13</u>

If your verdict is for BMW NA and BMW AG, you will not consider the matter of damages. But if the preponderance of the evidence supports Mr. Sims' claim against BMW NA and BMW AG, you should determine and write on the verdict form, in dollars, the total amount of damages which the preponderance of the evidence shows will fairly and adequately compensate Mr. Sims, including any damages that Mr. Sims is reasonably certain to incur or experience in the future. In doing so, you shall consider the following elements:

- The reasonable value of medical and rehabilitative care and treatment Mr. Sims will need for his injuries in the future.

- Any bodily injury sustained by Mr. Sims and any resulting pain, suffering, physical impairment, disfigurement, mental anguish, inconvenience, or loss of capacity for the enjoyment of life experienced in the past and in the future. There is no exact standard for measuring such damage. The amount should be fair and just in the light of the evidence.

In determining the total amount of damages, you should not make any reduction because of any amount of comparative negligence you might attribute to Mr. Sims, Gloria Sims, Darron Sims, or TK Holdings, Inc. (Takata). The Court in entering judgment will make any appropriate reductions.

## Jury Instruction No. 14

If you find for Mr. Sims and against BMW AG, you must decide whether, in addition to compensatory damages, punitive damages are warranted as punishment to BMW AG only and as a deterrent to others.

## <u>Jury Instruction No. 15</u>

Mr. Sims claims that punitive damages should be awarded against BMW AG for its conduct in knowing and concealing the defective condition of the defective airbag inflator and for failing to take appropriate action to prevent harm to Plaintiff. Punitive damages are warranted against BMW AG if you find by clear and convincing evidence that BMW AG was guilty of gross negligence, which was a substantial cause of damage to Plaintiff. Under those circumstances, you may, in your discretion, award punitive damages against BMW AG. If clear and convincing evidence does not show such conduct by BMW AG, punitive damages are not warranted against BMW AG.

"Gross negligence" means that BMW AG's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

"Clear and convincing evidence" differs from "preponderance of the evidence" in that it is more compelling and persuasive. "Clear and convincing evidence" is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.

## Jury Instruction No. 16

If you decide that punitive damages are warranted against BMW AG, then you must decide the amount of punitive damages to be assessed as punishment against BMW AG and as a deterrent to others. This amount would be in addition to the compensatory damages you have previously awarded. In making this determination, you should decide any disputed factual issues by a preponderance of the evidence, meaning that something is more likely true than not.

In determining the amount of punitive damages, if any, to be assessed you should consider the following:

(1)   The nature, extent, and degree of BMW AG's conduct and the related circumstances.

(2)   Whether the wrongful conduct was motivated solely by unreasonable financial gain;

(3)   Whether the unreasonably dangerous nature of the conduct, together with the high likelihood of injury resulting from the conduct, was actually known to BMW AG;

(4)   BMW AG's financial resources;

(5)   [An amount reasonable in relation to the harm likely to result from BMW AG's conduct as well as the harm that actually occurred;

(6)   The degree of reprehensibility of BMW AG's conduct and the duration of that conduct;

(7)    BMW AG's awareness of its conduct, concealment of the conduct, and the existence and frequency of similar past conduct;

(8)    The profitability to BMW AG of the wrongful conduct and the desirability of removing that profit and of having BMW AG also sustain a loss;

(9)    The financial condition of BMW AG and the probable effect thereon of a particular judgment;

(10)    The seriousness of the hazard to the public posed by BMW AG's conduct; and

(11)    The attitude and conduct of BMW AG upon discovery of the conduct.

However, you may not award an amount that would financially destroy BMW AG.

You may in your discretion decline to award punitive damages.

## Jury Instruction No. 17

In deciding the issue of punitive damages, you may consider any harm BMW AG's conduct caused Mr. Sims. You have also heard evidence of harms BMW AG's conduct allegedly caused to persons other than Mr. Sims.

You may consider harms that BMW AG's conduct caused to persons other than Mr. Sims in deciding the reprehensibility or wrongfulness of BMW AG's conduct only if the harms suffered by those other persons were caused by the same or similar conduct of BMW AG that harmed Mr. Sims.

However, you may not punish BMW AG for any harms suffered by persons other than Mr. Sims.

## Jury Instruction No. 18

Of course, the fact that I have given you instructions concerning the issue of damages should not be interpreted in any way as an indication that I believe Mr. Sims should, or should not, prevail in this case.

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## Jury Instruction No. 19

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

### [Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible—either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.